**CLARK v NELSON**

Ohio Appeals, 2nd Dist, Franklin Co

No 2014. Decided Oct 23, 1931

Messrs. Addison & Addison, Columbus, for plaintiff in error.

Messrs. Ballard, Jones & Price, Columbus, for defendant in error.

KUNKLE, J.

The testimony in this case, as disclosed by the bill of exceptions, was quite contradictory. If certain of the witnesses offered by defendant in error were believed, then the jury was entitled to render the verdict which it did. The credibility of the witnesses and the weight to be given their testimony were questions which were peculiarly within the province of the jury.

We think the court in its general charge fully and fairly presented the issues in the case for the determination of the jury.

Among other things, the court charged the jury as follows:

"Now if the property of the plaintiff was lower than the property of the defendant and the water naturally drained onto the property of the plaintiff, then there would be no right of recovery unless the defendant so changed the grade as to change the place and amount of water that was naturally diverted upon the plaintiff's property, because the lower property must take the water that naturally drains onto it from the upper property. On the other hand, the person owning the upper property must not divert the natural course of the flow or increase the natural flow of the water upon the lower property, but if he does nothing which changes the course or increases the flow, there can be no recovery, even though the water flows onto the lower property, because that is an incident which belongs to the lower property, he must take the water which naturally comes from property which is located higher, but if in changing the grade there was an increased flow and it flowed in a different channel, then there would be a recovery if there was a damage."

This is a correct statement of the law applicable to the case at bar and is conceded by counsel for plaintiff in error to correctly state the law of the case.

From a consideration of the entire record we would not feel justified in disturbing the verdict of the jury and the judgment of the lower court, and the same will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.